UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEVONTE MCCOY,

    Plaintiff,

v.                                                                         Case No. 5:24-cv-168-TKW-MJF

MARK SMITH and RAYMOND
MCNEIL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with three court orders, failed to prosecute this action, and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On August 5, 2024, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. 2. On August 9, 2024, the undersigned granted the motion. Doc. 4. In his motion, however, Plaintiff failed to mention that he was incarcerated at the time he filed this action, and he failed to use the proper forms for prisoners. *See* Doc. 5. Therefore, this court should not have granted Plaintiff's *in forma pauperis* application. *See id.* at 2.

Page 1 of 5

Accordingly, the undersigned ordered Plaintiff to (1) explain and show cause for his failure to use the correct forms to move for leave to proceed *in forma pauperis* and failure to apprise this court that Plaintiff was incarcerated at the time of filing; (2) pay the $405.00 filing fee; (3) file a complete prisoner application for leave to proceed *in forma pauperis*; or (4) file a notice of voluntary dismissal. Doc. 5 at 2. Additionally, the undersigned ordered Plaintiff to file a notice of change of address within seven days of any change of address. *Id*. at 3; *cf*. Doc. 3 ¶ 6 ("Throughout this case, you are required to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address."). The undersigned imposed a compliance deadline of September 16, 2024, and warned Plaintiff that failure to comply with the order—including providing this court with a timely change of address— likely would result in dismissal of this action. *Id*. at 3.

On August 28, 2024, Plaintiff responded with a brief indicating he was arrested on July 30, 2024, and was currently incarcerated at Bay County Jail, 5700 Star Lane, Panama City 32404. Doc. 6. However, Plaintiff did not show cause as directed, pay the filing fee, or file a completed *in forma pauperis* application.

On September 12, 2024, Plaintiff filed a second motion for leave to proceed *in forma pauperis*. Doc. 7. On October 3, 2024, the undersigned denied Plaintiff's motion as incomplete because Plaintiff failed to submit a Financial Certificate signed by a jail official and an inmate account statement. Doc. 8; *see also* Doc. 7 at 4. The undersigned ordered Plaintiff to file a notice of voluntary dismissal or a fully completed application for leave to proceed *in forma pauperis*, including a copy of his inmate trust account statement for transactions between July 30, 2024, through the date of the order. Doc. 8 at 3. The undersigned imposed a compliance deadline of September 16, 2024, and again warned Plaintiff that failure to comply with the order—including providing this court with a timely change of address—likely would result in dismissal of this action. *Id.* at 3–4. Plaintiff did not comply with that order.

On November 12, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of October 3, 2024. Doc. 9. The undersigned imposed a compliance deadline of December 2, 2024. *Id.* On or about November 12, 2024, the Bay County Jail returned to the court the undersigned's order to show cause because Plaintiff had been released from custody. Doc. 10. As of the date of this

report and recommendation, Plaintiff has not responded to the undersigned's order to show cause. Plaintiff also has not submitted a notice of change of address.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has failed to comply with three court orders, has failed to prosecute this action, and has failed to pay the filing fee. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 30th day of December, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**